UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Ronuk R. Genge**                                    Docket No. 5:15-CR-22-1FL

**Petition for Action on Supervised Release**

COMES NOW Arthur B. Campbell, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Ronuk R. Genge, who, upon an earlier plea of guilty to Interstate Transportation of Child Pornography, 18 U.S.C. §2252A(a)(1), was sentenced by the Honorable Beverly B. Martin, U.S. District Judge, on September 7, 2005, to the custody of the Bureau of Prisons for a term of 121 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 96 months.

Ronuk R. Genge was released from custody on August 29, 2014, at which time the term of supervised release commenced.

On January 5, 2015, Transfer of Jurisdiction was completed, and the case was reassigned to the Honorable Louise W. Flanagan.

On January 23, 2015, a Petition for Action on Supervised Release was signed. The following conditions were added to the defendant's term of supervised release.

1. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones) which, in the discretion of the U.S. Probation Officer, may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

2. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

3. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

4. The defendant shall not have any social networking accounts without the approval of the U.S. Probation Officer.

5. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

On July 23, 2019, Your Honor, authorized the U.S. Probation office to release a seized cell phone to the Federal Bureau of Investigation for forensic review.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The seized cell phone was reviewed by the FBI and they reported the findings to our office. Although, child pornography was not found on the phone, the defendant did engage in pornography searches that were of a sadomasochistic/bondage nature and had multiple online conversations with multiple people about violent adult pornography. There were also searches on his web history that included "erotic" massage parlors. In response to these findings the probation officer recommends the following conditions be added to the defendant's term of supervised release.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall not enter adult bookstores, sex shops, clubs or bars with exotic or topless dancers, or massage parlors.

2. The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

3. The defendant shall not possess any legal or illegal pornographic material, including any materials depicting and/or describing "child pornography" and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

4. The defendant shall not possess sadomasochistic/MASO bindings, restraints, handcuffs, etc.

Except as herein modified, the judgment shall remain in full force and effect.

**Ronuk R. Genge**
**Docket No. 5:15-CR-22-1FL**
**Petition For Action**
**Page 3**

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/ Michael C. Brittain | /s/ Arthur B. Campbell |
| Michael C. Brittain | Arthur B. Campbell |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 310 New Bern Avenue, Room 610 |
| | Raleigh, NC 27601-1441 |
| | Phone: 919-861-8677 |
| | Executed On: November 21, 2019 |

## ORDER OF THE COURT

Considered and ordered this __22nd__ day of __November__, 2019, and ordered filed and made a part of the records in the above case.

_____
Louise W. Flanagan
U.S. District Judge